(October 22, 2001)

In the Matter of PETER G. FORD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [732 NYS2d 115] —Per Curiam. Respondent was admitted to practice by this Court in 1983. He maintains a law office in the Town of Clifton Park, Saratoga County.

Having granted petitioner's motion for an order declaring that the pleadings raised no factual issues (*see,* 22 NYCRR

806.5) and having heard respondent in mitigation, we now find respondent guilty of the following professional misconduct as set forth in the petition of charges.

Respondent engaged in a conflict of interest by representing both the sellers and purchasers in a real estate transaction (*see*, Code of Professional Responsibility DR 5-105 [a], [c] [22 NYCRR 1200.24 (a), (c)]), neglecting the real estate matter (*see*, DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), and failing to promptly account for funds that he held in escrow after the closing (*see*, DR 1-102 [a] [5], [7]; DR 9-102 [c] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c)]). In addition, respondent mistakenly deposited client funds into his personal account (*see*, DR 9-102 [b] [1] [22 NYCRR 1200.46 (b) (1)]), failed to properly title his escrow account (*see*, DR 9-102 [b] [2] [22 NYCRR 1200.46 (b) (2)]), and failed to maintain an IOLA account or other interest bearing account for the deposit of client funds (*see*, Judiciary Law § 497; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). Most seriously, he converted client funds by allowing the balance in his escrow account to continuously fall below the amount that he was required to maintain on behalf of his clients for a period of 2½ years, making disbursements on behalf of clients from the escrow account before corresponding deposits were credited to the account or for which no corresponding deposit had been made, making withdrawals from the escrow account on behalf of clients exceeding the amount of the corresponding deposits, and failing to deposit adequate funds into the escrow account to cover service charges resulting in numerous withdrawals from the account using clients' funds (*see*, DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]). On this record, however, we decline to find that respondent engaged in a conflict of interest by referring real estate clients to his title abstract company. Petitioner acknowledges that respondent's conversions and other mishandling of client funds and his escrow account were the result of shoddy bookkeeping rather than venal intent.

In mitigation, respondent states that he no longer simultaneously represents sellers and buyers of real property and no longer refers clients to his title abstract company without obtaining their written consent after providing them with written disclosure. He has made his escrow account whole and it appears no client has suffered monetary loss. He has retained a certified public accountant to bring his bookkeeping and accounting practices into compliance with the attorney discipline rules. Finally, he apologizes for his misconduct and expresses remorse.

We conclude that respondent should be suspended for a period of two years, but we stay the suspension on condition that respondent submit to petitioner semiannual reports by a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in accordance with the applicable provisions of the attorney discipline rules (*see*, 22 NYCRR part 1200). Petitioner shall report any failure to meet said condition to this Court. After expiration of the two-year period, respondent may apply to this Court for termination of the suspension. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon (*see, e.g., Matter of Mann*, 284 AD2d 719).

Mercure, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the charges and specifications set forth in the petition except insofar as charge I alleged respondent engaged in a conflict of interest by referring clients to his title abstract company; and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.