■ In the Matter of RICHARD L. DiMAGGIO JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [773 NYS2d 466]—

Per Curiam. Respondent was admitted to practice by this Court in 1991. He maintains an office for the practice of law in the Town of Clifton Park, Saratoga County.

Petitioner and respondent each seek to confirm in part and disaffirm in part the report of the Referee. Upon review of the record, we find respondent guilty of the following professional misconduct in violation of the attorney disciplinary rules (*see* 22 NYCRR part 1200) and we confirm the Referee's report accordingly. Respondent failed to maintain the required balance in his escrow account and issued checks on the account when there

---

were no corresponding deposits, thereby converting client funds (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]; *see e.g. Matter of Ford,* 287 AD2d 870 [2001]). To the extent that the Referee may have sustained the charge that respondent's conversion of client funds constituted conduct involving dishonesty, fraud, deceit or misrepresentation (*see* DR 1-102 [a] [4] [22 NYCRR 1200.3 (a) (4)]), we disaffirm the report.

Respondent's mishandling of his escrow account and client funds also resulted in commingling of personal or nonclient funds with those of his clients (*see* DR 9-102 [a] [22 NYCRR 1200.46 (a)]). He also failed to maintain complete records of his clients' funds, failed to properly reconcile his escrow account (*see* DR 1-102 [a] [5], [7]; DR 9-102 [c], [d] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c), (d)]) and properly title the account (*see* DR 9-102 [b] [22 NYCRR 1200.46 (b)]), and issued a check payable to cash from the account (*see* DR 9-102 [e] [22 NYCRR 1200.46 (e)]). The Referee found that no client actually lost money because of respondent's escrow account violations.

Respondent also attempted to mislead a personal injury client (*see* DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]) and failed to return the client's phone calls (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]). Petitioner alleges that respondent owes the client $674.90 as her share of a settlement that respondent obtained on her behalf. Respondent states that he is willing to pay her any amount due. We direct respondent to, within 30 days, pay the client $674.90 and submit proof of payment to petitioner. Respondent also failed to promptly notify collection agency clients of his receipt of funds on their behalf, render an accounting to them and remit funds to them (*see* DR 9-102 [c] [22 NYCRR 1200.46 (c)]). Finally, respondent failed to promptly cooperate with petitioner's investigation, especially its request for escrow account information (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

In mitigation of his professional misconduct, respondent cites his pro bono activities and his otherwise unblemished disciplinary record. He also cites family health and financial problems.

We conclude that respondent should be suspended from practice for a period of two years and until further order of this Court, but we stay the suspension on condition that respondent submit to petitioner semiannual reports by a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*see* 22 NYCRR part 1200). Petitioner shall report any failure to meet said condition

to this Court. After expiration of the two-year period, respondent may apply to this Court for termination of the suspension. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon (*see e.g. Matter of Ford, supra*).

Mercure, J.P., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the Referee's report is confirmed except insofar as it may have found a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) as alleged in Charge I; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in Charge I (specifications 1, 2, 4, 5 and 6) and Charges III, V, VI, VII, VIII, IX, X and XI; and it is further ordered that the motions to confirm and disaffirm the Referee's report are granted in part and denied in part according to the above findings; and it is further ordered that respondent is suspended from practice for a period of two years and until further order of this Court, effective immediately, which suspension is stayed upon the terms and conditions set forth in this Court's decision; and it is further ordered that respondent shall, within 30 days of the date of this decision, remit $674.90 to his client and submit proof of payment to petitioner.