■ In the Matter of MICHAEL B. MENDELSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [780 NYS2d 801]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, First Department, in 1972. He maintains an office for the practice of law in the Town of Delhi, Delaware County.

Having granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings (*see* 22 NYCRR 806.5) and having heard respondent in mitigation, we now find respondent guilty of the professional misconduct charged in the petition. Respondent converted client funds in violation of this Court's attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]) and issued a check on his escrow account payable to cash (*see* DR 9-102 [e] [22 NYCRR 1200.46 (e)]). Respondent has made restitution of the converted moneys and has taken steps to ensure that his misconduct will not recur.

Respondent submits credible medical evidence that his misconduct was caused by compulsive and pathological gambling induced by the medication he was taking for Parkinson's Disease. Since the adjustment of the medication, respondent asserts that he no longer gambles. Petitioner does not disagree with either contention. Under all the circumstances, we conclude that respondent's condition mitigates the misconduct herein but does not excuse it (*see e.g. Matter of Rea,* 173 AD2d 955 [1991]). We further note that we have taken into consideration the numerous laudatory letters concerning respondent's character and professionalism, his prior unblemished disciplinary record and his full cooperation with petitioner. We also recognize that respondent voluntarily undertook to and continues to treat with a psychologist.

Under the circumstances presented, we suspend respondent from the practice of law for a period of one year, but stay the suspension on the conditions that respondent submit to petitioner semiannual reports by a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*see* 22 NYCRR part 1200), and semiannual reports from both his treating psychologist and physician assessing respondent's continuing capacity to practice law. Respondent shall submit the semiannual reports required by this decision until the suspension is terminated (*see e.g. Matter of DiMaggio,* 5 AD3d 856 [2004]; *Matter of Jensen,*

275 AD2d 579 [2000]; *Matter of Hayes,* 238 AD2d 668 [1997]). Petitioner shall report any failure to meet said conditions to this Court. After expiration of the one-year suspension period, respondent may apply for termination of the suspension. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon (*see Matter of DiMaggio, supra*).

Cardona, P.J., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of one year and until further order of this Court, effective immediately, which suspension is stayed upon the terms and conditions set forth in this Court's decision.