(August 10, 2004)

██ In the Matter of EDWARD M. SOSSNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [780 NYS2d 832]—

Per Curiam. Respondent was admitted to practice by this Court in 1993. He maintains an office for the practice of law in the City of Albany.

Having granted petitioner's motion for an order declaring that no factual issues were raised by the pleadings and having heard respondent in mitigation, we now find respondent guilty of the following professional misconduct in violation of this Court's attorney disciplinary rules (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (7); 1200.46]). Most seriously, respondent converted funds received on behalf of clients by disbursing moneys from his escrow accounts on behalf of clients in excess of the amounts that he held on deposit for those clients, by drawing checks on his escrow account which cleared the account before the corresponding deposit was credited to the account, and by making withdrawals from his escrow accounts on behalf of clients which utilized other client funds. Petitioner does not charge that respondent converted client funds for personal use and an audit report submitted by respondent confirms the lack of personal enrichment to respondent from the mismanagement of his escrow accounts and client funds. Respondent has made deposits from his own moneys into his escrow accounts to correct deficiencies in the accounts. Respondent is also guilty of issuing checks against insufficient funds from his escrow accounts, commingling personal funds with funds of clients, failing to maintain complete and accurate records of his attorney escrow account, maintaining an escrow ac-

count that did not comply with the dishonored check reporting rule (*see* 22 NYCRR part 1300), failing to properly title his escrow account, and failing to promptly remit client funds. Respondent also failed to accord petitioner the prompt and full cooperation to which it is due.

Respondent has retained an accountant in an effort to avoid future similar misconduct. He expresses remorse for his misconduct and submits a number of letters praising his character and professionalism.

Considering all of the circumstances, we conclude that respondent should be suspended from practice for a period of two years and until further order of this Court, but we stay the suspension on condition that respondent submit semiannual reports to petitioner from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*see* 22 NYCRR part 1200). Petitioner shall report any failure to meet said condition to this Court. After expiration of the two-year period, respondent may apply to this Court for termination of the suspension. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon (*see Matter of DiMaggio*, 5 AD3d 856 [2004]).

Mercure, J.P., Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from practice for a period of two years and until further order of this Court, effective immediately, which suspension is stayed upon the terms and conditions set forth in this Court's decision.