In the Matter of JAMES R. REILLY, an Attorney. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; JAMES R. REILLY, Respondent. [889 NYS2d 496]—

Per Curiam.

Having granted petitioner's motion for an order declaring that the pleadings raised no factual issues and having considered respondent's submissions in mitigation, we now find respondent guilty of the following professional misconduct as charged and specified in the petition. Respondent converted funds he received on behalf of two clients, commingled personal funds with funds of his clients, failed to maintain funds in an IOLA account or an interest bearing account for the benefit of his clients or third parties, failed to promptly remit client property, failed to maintain complete records of his client funds, communicated directly with a person he knew to be represented by

counsel without the permission of that person's attorney, attempted to improperly persuade his client to withdraw her inquiry with petitioner, failed to cooperate with petitioner, and failed to comply with the rules of this Court requiring him to reimburse petitioner for the stenographic costs of his examination under oath, all in violation of former Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7), DR 7-104 (a) and DR 9-102 (a), (b), (c) (4); (d) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.35 [a]; 1200.46 [a], [b], [c] [4]; [d])* (see also Judiciary Law § 497; 22 NYCRR 806.4 [e]).

The charged misconduct is mitigated by respondent's otherwise unblemished disciplinary record since he began practicing law some 46 years ago in Troy, his good reputation in his legal community, serious health and other personal problems, and restitution. He has expressed remorse for his aberrant behavior.

We determine that the appropriate disciplinary sanction in this matter is a two-year suspension from practice, effective immediately and until further order of this Court, stayed on the following conditions: (1) respondent shall provide petitioner with quarterly reports from a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in accordance with the applicable provisions of the Rules of Professional Conduct (see 22 NYCRR 1200.0); the first such quarterly report shall be due within 30 days of the date of this decision and the reporting requirement shall continue until further order of this Court; (2) during the two years following this decision, respondent shall complete six credit hours of accredited continuing legal education in ethics and professionalism in addition to the continuing legal education required of all attorneys and submit documentation of said completion to petitioner; and (3) within 30 days of the date of this decision, respondent shall reimburse petitioner for the stenographic cost of his examination under oath by petitioner on February 6, 2009. Any failure to meet these conditions shall be reported by petitioner to this Court. After the expiration of the two-year suspension period, respondent may apply to this Court for termination of the suspension. Any such application must be supported by proof that respondent complied with the conditions herein, and that he took and passed the Multistate Professional Responsibility Examination within the suspension period, and shall be served on petitioner which may be heard thereon (see e.g. Matter of Koplovitz, 62 AD3d 1205 [2009]; Matter of DiMaggio, 5 AD3d 856 [2004]).

* All references are to the former Code of Professional Responsibility, which was in effect prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

Rose, J.P., Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that respondent is found guilty of the professional misconduct as charged and specified in the petition; and it is further

Ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.