■ In the Matter of EDWARD M. SOSSNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [897 NYS2d 658]—

Per Curiam. Respondent was admitted to practice by this Court in 1993. He maintains an office for the practice of law in the City of Albany.

By decision dated August 10, 2004, this Court suspended respondent from the practice of law for a period of two years, but stayed the suspension on the condition that respondent submit semiannual reports to petitioner from a certified public accountant (hereinafter CPA) confirming that he is maintaining his escrow accounts and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*Matter of Sossner*, 10 AD3d 463 [2004]). His stayed suspension continues to date.

By petition dated November 23, 2009, petitioner charges that respondent failed to comply with this Court's suspension order by failing to submit CPA reports for an escrow account that he opened in July 2006 (*see* former Code of Professional Responsibility 1-102 [a] [5] [22 NYCRR 1200.3 [a] [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]),* converted funds in another escrow account, which conversion respondent quickly discovered and voluntarily corrected (*see* Rules of Professional Conduct [22 NYCRR 1200.00] rule 1.15 [a]), and failed to timely comply with the attorney registration requirements (*see* Judiciary Law § 468-a; 22 NYCRR 118.1; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). We have previously granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings and have heard respondent in mitigation. We now find respondent guilty of the charged professional misconduct. As mitigating circumstances, we note that there does not appear to have been any actual client harm, and the misconduct appears to be the result of poor bookkeeping rather than any venal motive. Respondent enjoys a good professional and personal reputation, as evidenced by character letters submitted on his behalf.

Considering all of the circumstances presented, we conclude that respondent should be suspended from the practice of law for an additional period of three years and until further order of this Court, but we again stay the suspension on the conditions that (1) respondent continue to submit semiannual reports to petitioner from a CPA confirming that he is maintaining his escrow accounts and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*see* 22 NYCRR part 1200), (2) respondent complies with the statutes and rules regulating attorney conduct and that he not be the subject of any further disciplinary actions or proceedings, and (3) respondent, within 120 days of the date of this decision, completes a continuing legal education (hereinafter CLE) course

---

* The alleged misconduct occurred prior to and after the April 1, 2009 enactment of the Rules of Professional Conduct.

in law office management in addition to the CLE required of all experienced attorneys. Petitioner shall report any failure to meet said conditions to this Court. After expiration of the three-year period, respondent may apply to this Court for termination of the suspension. The application must be supported by documentation of completion of the required CLE. The application must be served upon petitioner, which may be heard thereon (*see e.g. Matter of Reul*, 57 AD3d 1091 [2008]).

Mercure, J.P., Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.