*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                 D-10-15
_____

In the Matter of JAMES R.
   REILLY, an Attorney.

COMMITTEE ON PROFESSIONAL
   STANDARDS,
                    Petitioner;          MEMORANDUM AND ORDER

JAMES R. REILLY,
                    Respondent.

(Attorney Registration No. 1279249)
_____


Calendar Date:  January 5, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

                    _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Dreyer Boyajian LLP, Albany (Craig M. Crist of counsel),
for respondent.

                    _____


Per Curiam.

        Respondent was admitted to practice by this Court in 1963.
He maintained an office for the practice of law in the City of
Troy, Rensselaer County.

        By decision of this Court, entered December 10, 2009
(Matter of Reilly, 68 AD3d 1344 [2009]), respondent was suspended
from the practice of law for a period of two years, effective
immediately, and until further order.  Said suspension was stayed
upon the conditions that, during the period of the suspension,

respondent comply with the directed terms and conditions, including, among other things, that he submit quarterly reports from a certified public accountant confirming that he is maintaining his escrow account and preserving client funds in accordance with the applicable provisions of the Rules of Professional Conduct (see 22 NYCRR 1200.0). Respondent, who has recently retired from the practice of law, has no more clients and has closed his escrow account, now moves to modify this Court's December 2009 order so as to remove the condition that he provide quarterly reports from a certified public accountant. Specifically, in light of his retirement and intention never to practice law again, respondent seeks to be relieved of "unnecessary reporting and auditor's expenses." Petitioner does not oppose this relief.

Upon our examination of the papers submitted, we conclude that, under the circumstances herein, respondent's request for removal of the quarterly reporting requirement be granted, effective immediately, with the stipulation that, in the event that respondent resumes the practice of law and opens a new escrow account in the future, the quarterly reporting requirement would automatically be reinstated as set forth in this Court's December 2009 order.

McCarthy, J.P., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that respondent's motion is granted; and it is further

ORDERED that the order of this Court entered December 10, 2009 is modified to the extent that, until such time as respondent resumes the practice of law and opens an escrow account, the condition that respondent shall provide petitioner with quarterly reports from a certified public accountant is suspended.

ENTER:

Robert D. Mayberger
Clerk of the Court