(December 30, 1994)

■ In the Matter of RICHARD C. MILLER, an Attorney and Counselor-at-Law, Respondent; COMMITTEE ON PROFESSIONAL

STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [621 NYS2d 151] —Per Curiam. Respondent was admitted to practice by this Court in January 1979. He maintains a law office in Clifton Park.

Respondent has admitted to mishandling of his escrow accounts, as charged by petitioner Committee on Professional Standards in a petition dated May 26, 1994. He has commingled personal funds with those of his clients, has allowed his escrow account balances to fall below the balances he was required to maintain on behalf of various clients, has failed to maintain accurate records for his escrow accounts, and has failed to maintain complete records of his clients' funds. Petitioner has withdrawn those portions of the charges which accused respondent of engaging in activities involving dishonesty, deceit, fraud, or misrepresentation.

Respondent states that since the time of petitioner's inquiry, he has instituted accounting and bookkeeping systems to prevent further escrow account irregularities. He has submitted his own affidavit and testimonial letters and affidavits to show his good reputation in his community. Respondent has an unblemished disciplinary record. It appears that no venal intent underlay respondent's misconduct and that his clients have suffered no actual harm.

Under the circumstances presented, we conclude that respondent should be suspended for a period of two years but that the suspension be stayed upon condition respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the Code of Professional Responsibility. Any failure to meet this condition shall be reported by petitioner to this Court. After the expiration of the two-year suspension period, respondent may apply to this Court for termination thereof. Such application shall be supported by documentation demonstrating that respondent has taken and passed the Multistate Professional Responsibility Examination. Any application to terminate the suspension period shall be served on petitioner, which may be heard thereon (see, e.g., Judiciary Law § 90 [2]; Matter of Anonymous, 21 AD2d 48, 51; cf., ABA Standards for Imposing Lawyer Sanctions, Rules 2.7 and 2.8, and Commentaries [1986]).

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent be and hereby is found

guilty of the professional misconduct charged and specified in the petition, except insofar as petitioner has withdrawn those portions of charges II and IV which accused respondent of violating the Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); and it is further ordered that respondent be and hereby is suspended for a period of two years; and it is further ordered that the suspension imposed herein be and hereby is stayed upon the condition that respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the Code of Professional Responsibility; and it is further ordered that after the expiration of the two-year suspension period, respondent may apply for termination thereof, such application to be served on petitioner and supported by documentation demonstrating that respondent has taken and passed the Multistate Professional Responsibility Examination.