(January 30, 1996)

■ In the Matter of ALAN P. JOSEPH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [637 NYS2d 490] — Per Curiam. Respondent was admitted to practice by this Court in 1976. He maintains an office for the practice of law in Troy.

By petition dated August 21, 1995, petitioner Committee on Professional Standards lodged six charges of professional misconduct against respondent. The factual specifications are undisputed. We find respondent guilty of the charged professional misconduct except insofar as the charges alleging conversion and issuing checks against insufficient escrow account funds accuse him of violating the Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), which prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent vigorously denies that any venal intent motivated his misconduct and, on this record, we decline to find such intent (*see, Matter of Cohn*, 194 AD2d 987, 990).

In 1993 and 1994, respondent seriously mismanaged his escrow accounts. On numerous occasions, he deposited personal funds into his escrow account in violation of the prohibition against commingling (*see*, DR 9-102 [A] [22 NYCRR 1200.46 (a)]). On 15 occasions, the balances of his escrow accounts were below the amounts he was required to maintain on behalf of his clients, in violation of DR 1-102 (A) (5) and (8) and DR 9-102. By respondent's admission, the deficiency amounts twice exceeded $15,000. Respondent failed to maintain complete records of his clients' funds, in violation of DR 1-102 (A) (5) and (8) and the applicable provisions of DR 9-102. On several occasions, respondent issued checks drawn on his escrow account when there were insufficient funds in the account to cover the checks, in violation of DR 1-102 (A) (5) and (8) and DR 9-102. Respondent also failed to properly account to at least one client for funds received, in violation of DR 9-102 (C) (3). During the same general time period, respondent failed to reply to status report requests from corporate clients in three matters until petitioner intervened.

In mitigation, respondent cites personal problems and his role as a corporate officer as contributing to his inattention to the proper management of his escrow accounts. He has retained an accountant to assist him with the future maintenance of such accounts. It does not appear that respondent's misconduct has resulted in actual client harm. He has submitted affidavits attesting to his good professional and personal

character. We note respondent's dedicated participation in the Third Department Law Guardian Program. Respondent has professed his remorse for his professional misconduct.

In view of the above, we conclude that respondent should be suspended for a period of two years but that the suspension should be stayed upon condition respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the Code of Professional Responsibility. Any failure to meet this condition shall be reported by petitioner to this Court. After the expiration of the two-year suspension period, respondent may apply for termination thereof. Such application shall be supported by documentation demonstrating that respondent has taken and passed the Multistate Professional Responsibility Examination. Any application to terminate the suspension period shall be served upon petitioner, which may be heard thereon (see, e.g., Matter of Miller, 210 AD2d 869).

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that respondent be, and hereby is, found guilty of the professional misconduct charged and specified in the petition, except insofar as charges II and IV allege violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]); and it is further ordered that respondent be, and hereby is, suspended from practice for a period of two years; and it is further ordered that the suspension imposed herein be and hereby is stayed upon condition respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the Code of Professional Responsibility; and it is further ordered that after the expiration of the two-year suspension period, respondent may apply for termination thereof, such application to be served on petitioner and supported by documentation that respondent has taken and passed the Multistate Professional Responsibility Examination.