(March 7, 1997)

■ In the Matter of ALAN P. JOSEPH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [654 NYS2d 476] —Per Curiam. Respondent was admitted to practice by this Court in 1976. He practices law in Albany County.

By decision dated January 30, 1996, respondent was suspended from practice for a period of two years but the suspension was stayed upon condition respondent submit to petitioner, the Committee on Professional Standards, semiannual reports from an accountant confirming his maintenance of escrow accounts and client funds in accordance with the applicable provisions of the Code of Professional Responsibility (*Matter of Joseph,* 223 AD2d 999).

By petition dated November 25, 1996, petitioner charges respondent with neglect of client matters, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3] [charge I]); failure to maintain client communications, in violation of DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8] [charge II]); failure to return the unused portion of a retainer upon his discharge by a client, in violation of DR 1-102 (A) (5) and DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3]); and failure to promptly forward a client's file to new counsel upon his discharge, in violation of DR 1-102 (A) (5) and DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2]).

Respondent's answer admitted the factual specifications of the petition. He appeared in mitigation after we granted petitioner's motion for an order declaring that no factual issues were raised by the pleadings.

The charges arise from respondent's mishandling of three client matters. In the Jackson divorce matter, respondent neglected to reply to a motion and failed to appear on the

scheduled date of a trial. As a consequence, Jackson's divorce action was dismissed. Respondent also failed to reply to communications from his client and, after Jackson discharged him, respondent failed to promptly forward the file to new counsel.

In the Heim divorce matter, respondent's failure to respond to discovery demands resulted in a preclusion order and a default judgment entered against respondent's client. Heim had to retain new counsel to vacate the default judgment. It appears that Heim has been harmed financially by respondent's inaction.

In the Sylvester matter, respondent failed to promptly respond to a request for a refund of the unearned portion of a $1,000 retainer paid respondent to negotiate and/or prepare a separation agreement. It appears he did so only after petitioner interceded.

The timing of the above misconduct is particularly troubling. The Jackson and Sylvester misconduct occurred after this Court had suspended respondent for two years but had extended leniency to him by conditionally staying the suspension. The Heim misconduct occurred before the prior petition and resulting stayed suspension but had it been charged as part of that petition it might have changed the disciplinary sanction. In mitigation, respondent states that he has made some financial reparations to Jackson and Heim. He also cites his present association with a law firm which provides structure to his practice thereby helping him to avoid, in the future, the kinds of professional misconduct he has committed in the past. Nevertheless, we conclude that respondent's misconduct, especially when considered in the context of his disciplinary history, warrants his suspension from practice for a period of one year.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent be and hereby is found guilty of professional misconduct as charged and specified in the petition; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of one year, effective thirty days from the date of this order, and until further order of this Court; and it is further ordered that, while so suspended, respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto;

and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys; and it is further ordered, that respondent may apply for reinstatement after expiration of the suspension period upon furnishing satisfactory proof that he has complied fully with the order of suspension and with section 806.12 (b) (22 NYCRR 806.12 [b]) of the rules of this Court, and that he has otherwise properly conducted himself during the suspension period.