(April 9, 1997)

■ In the Matter of HARRY R. HAYES, III, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [656 NYS2d 402] —Per Curiam. Respondent was admitted to practice by this Court in January 1980. He maintains an office for the practice of law in Albany.

During the course of representing the seller at a real estate closing, respondent took possession of a check for the closing proceeds in the amount of $20,733.69. The check was made payable to respondent as attorney for the seller. At that time, respondent had written checks against his personal checking account which he reasonably expected would be covered by a wire transfer of funds deposited into the account from a relative. When he discovered that the wire transfer would be late, he covered the checks by depositing the closing proceeds check into his personal checking account. The deposit of the closing proceeds check occurred on a Friday and the wire transfer from the relative was deposited on the following Tuesday. Two weeks after the wrongful deposit of the closing proceeds into his personal checking account, respondent deposited a check representing the full amount of the proceeds into the escrow account of the law firm then employing him.

After a hearing, the Referee sustained charges that respondent converted client funds and failed to deposit client funds

into an escrow account, in violation of the Code of Professional Responsibility, DR 1-102 (A) (4), (5), (8) (22 NYCRR 1200.3 [a] [4], [5], [8]) and DR 9-102 (22 NYCRR 1200.46). The Referee found that a third charge was not proven. We grant petitioner's motion, unopposed by respondent, to confirm the Referee's report.

We condemn respondent's conversion of a substantial sum of funds belonging to a client, albeit briefly, as a failure to abide by the high standards expected of a member of the legal profession, especially when entrusted with funds belonging to another. However, in determining an appropriate disciplinary sanction, we note the isolated nature of respondent's lapse in judgment, his lack of intent to permanently convert, his unblemished disciplinary record, his cooperation with petitioner, his evidence of a good personal and professional reputation, and that he was required to submit his resignation by the law firm which employed him.

Under the circumstances presented, we conclude that respondent should be suspended for a period of two years but that the suspension be stayed upon condition respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the Code of Professional Responsibility. Any failure to meet this condition shall be reported by petitioner to this Court. After expiration of the two-year suspension period, respondent may apply to this Court for termination thereof. Such application shall be supported by documentation demonstrating that respondent has taken and passed the Multistate Professional Responsibility Examination. Any application to terminate the suspension period shall be served on petitioner, which may be heard thereon (see, e.g., Matter of Joseph, 223 AD2d 999; Matter of Miller, 210 AD2d 869).

Mikoll, J. P., Crew III, Casey, Peters and Carpinello, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted and respondent be and hereby is found guilty of the professional misconduct charged and specified in charges I and II of the petition; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of two years, effective immediately; and it is further ordered that the suspension imposed herein be and hereby is stayed upon condition respondent submit to petitioner semiannual reports from a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with ap-

plicable provisions of the Code of Professional Responsibility; and it is further ordered that after the expiration of the two-year suspension period, respondent may apply for termination thereof, such application to be served on petitioner and supported by documentation that respondent has taken and passed the Multistate Professional Responsibility Examination within the suspension period.