THIRD DEPARTMENT, MARCH, 1998

(March 4, 1998)

■ In the Matter of PAUL F. DONOHUE, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [672 NYS2d 141] —Per Curiam. Respondent was admitted to practice by this Court in 1971 and has practiced in the Albany area in recent years.

Petitioner, the Committee on Professional Standards, charged respondent with neglect of client matters, failure to inform a client of the status of his legal matter, and failure to cooperate with petitioner. By decision dated October 30, 1997, this Court determined that the pleadings raised no factual issues; respondent has been heard in mitigation.

While engaged in the solo practice of law, respondent neglected three actions he filed in the United States District Court.for the Northern District of New York on behalf of three different clients, in violation of the Code of Professional Responsibility (DR 6-101 [A] [3] [22 NYCRR 1200.30 (a) (3)]). In a wrongful termination of employment action, respondent's failure to comply with discovery requests resulted in an award of attorney's fees and costs in the amount of $2,384.55 and a later order dismissing the action with prejudice and awarding the corporate defendant an additional $5,437.32 in attorney's fees and costs. Respondent paid both awards after they were reduced to judgments against his client. Respondent informed his client of the awards and of his intent to pay them, but failed to inform the client of the judgments, in violation of the Code (DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]). In mitigation of his misconduct, respondent states he now realizes he lacked the necessary experience and expertise to handle the action and submits an opinion from his attorney, an experienced labor and employment law counsel, that, in any event, the lawsuit was subject to almost certain dismissal on jurisdictional and other grounds. Respondent also states he did not inform his client of the judgments in order to spare him undue alarm. Respondent's neglect of procedural steps in the other two matters caused the clients little, if any, harm.

In general mitigation of his misconduct, respondent cites

personal, financial, and psychological problems during the relevant time period. He has taken steps to prevent a recurrence of his misconduct by associating with a small law firm to provide structure and administrative support to his practice and by engaging in continuing psychotherapy. Until the present charges were brought, respondent enjoyed an unblemished disciplinary record.

Under the circumstances presented, we conclude that respondent should be placed on indefinite suspension from the practice of law. However, we stay the suspension on condition that respondent submit to petitioner quarterly reports from his psychiatrist and his law firm confirming respondent's continuing capacity to practice law. Any failure to meet this condition shall be reported by petitioner to this Court. Respondent may apply, upon notice to petitioner, to terminate the suspension after two years from the date of this decision (*see, e.g., Matter of Joseph*, 223 AD2d 999; *Matter of Miller*, 210 AD2d 869; *Matter of Canale*, 209 AD2d 816).

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is indefinitely suspended from the practice of law, effective immediately, which suspension is hereby stayed upon condition that respondent submit to petitioner quarterly reports from his psychiatrist and his law firm; and it is further ordered that respondent may apply to terminate the suspension after two years from the date of this order, which application shall be served upon petitioner, which shall inquire into the merits of, and may be heard upon, such application.