THIRD DEPARTMENT, SEPTEMBER, 2000

(September 6, 2000)

■ In the Matter of PAUL F. DONOHUE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [713 NYS2d 500] —Per Curiam. Respondent was admitted to practice by this Court in 1971 and has maintained an office for the practice of law in Albany County.

By decision dated March 4, 1998, this Court placed respondent on indefinite suspension from the practice of law but stayed the suspension on various conditions including, among other things, that respondent submit to petitioner quarterly reports from his psychiatrist and his law firm confirming respondent's continuing capacity to practice law (*Matter of Donohue,* 248 AD2d 740).

Petitioner now moves for an order suspending respondent from practice for mental incapacity indefinitely and until further order of this Court (*see,* 22 NYCRR 806.10 [a]) o⁻,

alternatively, for an order extending the prior suspension order. Respondent opposes the motion.

Under the particular circumstances disclosed by the record, we conclude that petitioner's motion should be granted and we suspend respondent from practice indefinitely, unconditionally, and until further order of this Court. Respondent may apply for reinstatement pursuant to this Court's rules (see, 22 NYCRR 806.12) when he can demonstrate that he is no longer incapacitated from practicing law.

Mercure, J. P., Crew III, Peters, Rose, and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice indefinitely, effective immediately, and until further order of this Court, pursuant to this Court's rule (22 NYCRR 806.10 [a]); and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.