■ In the Matter of KENNETH H. NEWBOULD, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [716 NYS2d 126] —Per Curiam. Respondent was admitted to practice by this Court in 1973 and maintains an office for the practice of law in the City of Albany.

Having granted petitioner's motion for an order declaring that no factual issues were raised by the petition and answer

and having heard respondent at oral argument in mitigation, we now find respondent guilty of the charges and specifications set forth in the petition, except insofar as they allege a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The record does not warrant a finding that respondent's mishandling of funds was prompted by venal or larcenous intent (*see, e.g., Matter of Raphael*, 216 AD2d 788).

Respondent mishandled client funds and his escrow account by allowing his escrow account balance to fall below the amount he was required to maintain therein on behalf of his clients and by making disbursements from his escrow account on behalf of a client for whom he had no prior corresponding deposit (*see*, DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]). He failed to promptly remit certain funds to a client or to deposit said funds into an attorney escrow account (*see*, DR 9-102 [b] [1]; [c] [22 NYCRR 1200.46 (b) (1); (c)]) and improperly negotiated a check payable to the client (*see*, DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Respondent issued checks against insufficient funds from his attorney escrow account (*see*, DR 1-102 [a] [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (7); 1200.46]), failed to maintain complete records of his clients' funds (*see*, DR 9-102 [c], [d] [22 NYCRR 1200.46 (c), (d)]) and failed to properly title his escrow account (*see*, DR 9-102 [b] [2] [22 NYCRR 1200.46 (b) (2)]). Finally, he neglected a bankruptcy matter (*see*, DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]).

In mitigation, we note that respondent has endured serious medical problems over the past several years, some of which are continuing. He has an unblemished public disciplinary record. He is also taking steps to avoid future escrow account mismanagement.

Under the circumstances presented, we conclude that respondent should be suspended from practice for a period of two years, but we stay the suspension upon the condition that respondent submit to petitioner semiannual reports by a certified public accountant confirming that respondent is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the attorney disciplinary rules (*see*, 22 NYCRR part 1200). Any failure to meet this condition shall be reported by petitioner to this Court. After expiration of the two-year suspension period, respondent may apply to this Court for termination thereof. Such application shall be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the

suspension period. Any application to terminate the suspension period shall be served upon petitioner, which may be heard thereon (*see, e.g., Matter of Sullivan,* 253 AD2d 999).

Mercure, J. P., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition, except insofar as the charges allege a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]); and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately, which suspension is stayed upon the condition and terms set forth in this Court's decision.