■  In the Matter of RICHARD CROAK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [717 NYS2d 679] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1976. He maintains an office for the practice of law in Albany.

We confirm a Referee's report insofar as it sustained seven charges of professional misconduct against respondent and did not sustain charge IV; we disaffirm the report insofar as it sustained the excessive fee charge. We have heard respondent in mitigation.

On July 2, 1998, respondent negotiated and deposited into his escrow account a tax refund check he had received on behalf of a bankruptcy client. He then withdrew his attorney fee from the deposit. He had no authority to negotiate the check or make the deposit or withdrawal, and his conduct violated this Court's attorney disciplinary rules (*see,* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]). Respondent failed to inform the client of his receipt of the refund check or to remit the funds to the client until July 31, 1998 (*see,* DR 9-102 [c] [22 NYCRR 1200.46 (c)]). Even then, respondent forwarded a check for the refund amount minus respondent's fee. Respondent's check register inaccurately recorded the date of the receipt of the tax refund check, the withdrawal of respondent's fee, and the issuance of the check to the client as having occurred on July 12, 1998 (*see,* DR 9-102 [d] [9] [22 NYCRR 1200.46 (d) (9)]).

In addition, respondent issued a check on his escrow account for personal use (*see,* DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]), failed to maintain accurate records for his escrow account (*see,* DR 9-102 [d] [9] [22 NYCRR 1200.46 (d) (9)]), failed to deposit funds into an IOLA account or an interest bearing escrow account (*see,* Judiciary Law § 497; DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), commingled personal and client funds in his escrow account (*see,* DR 9-102 [a] [22 NYCRR 1200.46 (a)]), neglected a legal matter and failed to withdraw upon discharge by the client (*see,* DR 2-110, DR 6-101 [a] [3] [22 NYCRR 1200.15, 1200.30 (a) (3)]).

Respondent has a clean public disciplinary record and submits affidavits from attorneys attesting to his good reputation for truth and honesty and as a bankruptcy practitioner. He experienced some serious health problems during a portion of the relevant time period and states he has taken steps to avoid future misconduct. We find that, although respondent is guilty of serious misconduct, it was not motivated by larcenous intent (*see, e.g., Matter of Bollettieri,* 225 AD2d 887).

In view of the above, we conclude that respondent should be suspended from practice for a period of two years, but we stay the suspension upon condition respondent submit to petitioner quarterly reports by a certified public accountant confirming

that respondent is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the attorney disciplinary rules (*see*, 22 NYCRR part 1200). Any failure to meet this condition shall be reported by petitioner to this Court. After expiration of the two-year suspension period, respondent may apply to this Court for termination thereof. Such application shall be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period. Any application to terminate the suspension period shall be served upon petitioner, which may be heard thereon (*see, e.g., Matter of Hayes*, 238 AD2d 668).

Crew III, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in charges I, II, III, V, VI, VII and IX of the petition; and it is further ordered that petitioner's motion to confirm the Referee's report is granted and denied accordingly; and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately, which suspension is stayed upon the condition and terms set forth in this decision.