■ In the Matter of MATTHEW J. MANN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [727 NYS2d 492] —Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintains an office in Latham, Albany County.

Upon our review of a Referee's report and the record, we find respondent guilty of 5 of the 10 charges of professional misconduct set forth in the petition. In violation of the Appellate Division attorney disciplinary rules, respondent converted funds held on behalf of clients (*see,* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]). Specifically, from September 1998 until November 1999, the balance in the escrow account maintained by respondent was below the amount that he was required to maintain on behalf of clients; respondent issued a check for $65 on the account in payment of his insurance policy at a time when the account held no funds belonging to him; he issued a check on the account on behalf of a client who did not have sufficient funds in the account to cover the check; and he deposited personal funds into the account to cover shortages. In addition, respondent issued a check on the account which was returned for insufficient funds (*see,* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), commingled personal funds with that of his clients in the account (*see,* DR 9-102 [a] [22 NYCRR 1200.46 (a)]), and failed to maintain complete records of all deposits and withdrawals from the account (*see,* DR 9-102 [c], [d] [22 NYCRR 1200.46 (c), (d)]). The Referee stated that he did not believe that respondent had any venal intent, but was

simply careless and irresponsible. Because we concur with the Referee in this respect, we decline to find respondent guilty of the above charges insofar as they alleged violation of DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]; *see, e.g., Matter of Newbould,* 277 AD2d 697; *Matter of Klugerman,* 189 AD2d 284). Respondent also failed to provide a divorce client with billing statements every 60 days as required (*see,* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]; 22 NYCRR 1400.3). It does not appear that any client suffered actual financial harm because of respondent's misconduct.

We conclude that respondent should be suspended for a period of two years, but we stay the suspension on condition respondent submit to petitioner semiannual reports by a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with the applicable provisions of the attorney disciplinary rules (*see,* 22 NYCRR part 1200). Petitioner shall report any failure to meet said condition to this Court. After expiration of the two-year period, respondent may apply to this Court for termination of the suspension. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period and must be served upon petitioner, which may be heard thereon (*see, e.g., Matter of Newbould, supra; Matter of Sullivan,* 253 AD2d 999).

Mercure, J. P., Crew, III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that respondent is found guilty of Charges I and II, except insofar as such charges allege a violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), and guilty of Charges III, IV and IX, as set forth in the petition; Charges V, VI, VII, VIII and X are dismissed; and the motions to confirm and disaffirm the Referee's report are granted and denied accordingly; and it is further ordered that respondent is suspended from practice for a period of two years, effective immediately and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.