(May 10, 2004)

■ In the Matter of WILLIAM B. JENSEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [776 NYS2d 627]—

Per Curiam. Respondent was admitted to practice by this

Court in 1976 and resides in the Village of Voorheesville, Albany County. He is employed as an assistant general counsel by the New York State Teachers' Retirement System.

Respondent was suspended from practice by this Court in August 2000, but the suspension was stayed upon various conditions (*Matter of Jensen*, 275 AD2d 579 [2000]). Subsequently, we continued respondent's suspension for a period of two years by decision dated March 7, 2003. The latter decision also stayed the suspension upon conditions, including respondent's compliance with the terms of his agreement with the New York State Bar Association's Lawyer Assistance Program (hereinafter LAP). Petitioner now reports a substantial failure by respondent to comply with the LAP terms and moves for an order vacating the stay of respondent's suspension. Specifically, it appears that LAP discharged respondent because he tested positive for drug use in toxicology reports dated February 23, 2004 and March 4, 2004.

Respondent submits an affidavit in reply to petitioner's motion in which he pleads for leniency. We have been sympathetic to respondent's situation in the past, as demonstrated by the stay of respondent's suspension from August 22, 2000 to the present. However, we now conclude that respondent should be suspended from the practice of law in order to deter similar misconduct and to preserve the reputation of the bar. We therefore grant petitioner's motion.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that the stay of respondent's suspension imposed by this Court's decision dated August 22, 2000 and continued by this Court's decisions dated April 17, 2002 and March 7, 2003 is vacated; and it is further ordered that respondent is suspended from the practice of law until March 7, 2005, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).