■ In the Matter of JUSTIN D. HERZOG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [811 NYS2d 485]—

Per Curiam. Respondent was admitted to practice by this Court in 2001 and maintains a law office in Clinton County.

Petitioner commenced this disciplinary proceeding against respondent charging him with converting funds received on behalf of his client (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]), issuing a check against insufficient funds from his attorney escrow account (*see* DR 1-102 [a] [4], [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46]), neglecting legal matters entrusted to him (*see* DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failing to communicate with clients (*see* DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]), failing to withdraw from employment when his mental condition rendered it unreasonably difficult to carry out the employment effectively (*see* DR 2-110 [b] [3]; [c] [4] [22 NYCRR 1200.15 (b) (3); (c) (4)]), failing to promptly remit clients' funds (*see* DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)]), and failing to cooperate with petitioner in its investigation (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Respondent has admitted the charges and has been heard in mitigation.

We note that respondent has admittedly had an addiction to alcohol and drugs for a considerable period of time but has been abstinent for the past year. We further note that any improper withdrawals from his escrow account were replaced in a very short period of time and before any disciplinary proceeding was initiated against him. None of respondent's clients has suffered a loss. Respondent voluntarily entered into and successfully completed an addiction rehabilitation program and has voluntarily had follow-up consultation with medical professionals. It does not appear that respondent was motivated by larcenous intent (*see e.g. Matter of Croak*, 277 AD2d 871 [2000]; *Matter of Hayes*, 238 AD2d 668 [1997]).

Under the circumstances, we conclude that respondent should be suspended from practice for a period of two years, effective immediately and until further order of this Court. However, we stay the suspension on condition that respondent provide petitioner with quarterly reports from a certified public accountant confirming that he is maintaining his escrow account and preserving clients' funds in accordance with the applicable provisions of the disciplinary rules (*see* 22 NYCRR part 1200; *see e.g. Matter of Reul*, 13 AD3d 800 [2004]). Furthermore, respondent is to file quarterly reports with petitioner from a medical provider confirming that he is completing his mental health program and continues to have the capacity to practice law (*see e.g. Matter of Donohue*, 248 AD2d 740 [1998]). Any failure to meet these conditions shall be reported by petitioner to the Court.

After the expiration of the two-year suspension, respondent may apply to this Court for termination of the suspension (*see e.g. Matter of Joseph*, 223 AD2d 999 [1996]). Any such application must comply with the requirements of the Court's rules (*see* 22 NYCRR 806.12) and must be served upon petitioner which may be heard thereon.

Crew III, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that respondent is found guilty of the charges set forth in the petition, and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.