■ In the Matter of JUSTIN D. HERZOG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [822 NYS2d 809]—

Per Curiam. Respondent was admitted to the practice of law by this Court in 2001 and maintains a law office in the Town of Champlain, Clinton County.

By decision dated March 16, 2006 (*Matter of Herzog*, 27 AD3d 947 [2006]), this Court found respondent guilty of professional misconduct and suspended him from practice for two years and until further order. However, the decision stayed the suspension upon conditions that respondent provide petitioner with quarterly reports from a certified public accountant confirming that he is maintaining his escrow account and preserving clients' funds in accordance with the applicable provisions of the disciplinary rules (*see* 22 NYCRR part 1200) and file quarterly reports from a medical provider confirming that he is completing his mental health program and continues to have the capacity to practice law.

Petitioner moves to vacate the stay of respondent's suspension and to suspend respondent from practice. Respondent has filed two reports from medical providers but has not continued to file reports or supply the documentation that was required of him by our previous decision. Furthermore, it appears that respondent has been arrested and incarcerated for a violation of a conditional discharge and various court orders in Franklin County. Neither respondent nor his attorney has appeared or otherwise contacted the Court regarding this motion.

Under the circumstances presented, we grant petitioner's motion and suspend respondent in order to deter similar misconduct and to preserve the reputation of the bar (*see e.g. Matter of Jensen*, 7 AD3d 878 [2004]).

Crew III, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion to vacate the stay of respondent's suspension is granted; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).