■ In the Matter of JUSTIN D. HERZOG, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [858 NYS2d 612]—

Per Curiam. Respondent was admitted to practice by this Court in 2001. He resides in Clinton County.

By decision dated March 16, 2006, this Court found respondent guilty of professional misconduct and suspended him from the practice of law for two years, which suspension was stayed upon conditions (*Matter of Herzog*, 27 AD3d 947 [2006]). Thereafter, by decision dated October 19, 2006, we vacated respondent's stayed suspension and suspended him for two years as a result of his failure to comply with the conditions of the stay (*Matter of Herzog*, 33 AD3d 1116 [2006]). Respondent remains suspended.

On February 25, 2008, respondent was sentenced in Clinton County Court to three years of probation upon his plea of guilty to two counts of forgery in the third degree, a class A misdemeanor, in violation of Penal Law § 170.05. Respondent was also directed to pay $16,500 in restitution. This plea was in satisfaction of four class D felony charges filed against respondent arising out of his forgery of a client's signature on two loan ap-

plications made in connection with the client's personal injury case.

Petitioner now moves, pursuant to Judiciary Law § 90 (4) (g), for a final order of suspension, censure or removal, based upon respondent's conviction of a serious crime as defined in Judiciary Law § 90 (4) (d) (see e.g. Matter of Lalone, 175 AD2d 944 [1991]). Respondent has appeared before the Court and been heard in mitigation.

Under the facts and circumstances presented, especially respondent's disciplinary record and the nature of his recent conviction and underlying misconduct, we conclude that respondent should be disbarred in order to protect the public, deter similar misconduct, and preserve the reputation of the bar.

Spain, J.P., Lahtinen, Kane, Kavanagh and Stein, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).