■ In the Matter of DANIEL J. GALLAGHER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [886 NYS2d 917]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintains an office for the practice of law in the City of Glens Falls, Warren County.

Respondent admits the charges and specifications set forth in the petition and we have heard respondent in mitigation. As set forth in the petition, respondent neglected a number of client matters (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]);* attempted to mislead and deceive several of the clients as to the status of their matters and attempted to mislead and deceive petitioner as to two of the client matters (*see* Code of Professional Responsibility DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]); failed to comply with trial court directives in one client matter (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]); with respect to several of the clients, failed to respond to communications, promptly refund the unearned portion of retainers, and forward client files upon discharge (*see* Code of Professional Responsibility DR 1-102 [a] [5]; DR 2-110, DR 9-102 [c] [22 NYCRR 1200.3 (a) (5); 1200.15, 1200.46 (c)]); failed to comply with the rules governing representation of clients in domestic relations matters, especially rules requiring written retainer agreements, provision of a statement of client's rights and responsibilities, and billing every 60 days (*see* Code of Professional Responsibility DR 2-106 [22 NYCRR 1200.11]; 22 NYCRR 1400.2, 1400.3); failed to provide a client with fee dispute information (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 2-106 [e] [22 NYCRR 1200.3 (a) (5), (7); 1200.11 (e)]; 22 NYCRR parts 137, 1400); and failed to cooperate with petitioner's investigation of several of the clients' inquiries (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]).

Respondent expresses regret for his misconduct and advises

---

* All references are to the former Disciplinary Rules of the Code of Professional Responsibility, which were in effect prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

that the misconduct took place in a very stressful period in his life during which he also began abusing alcohol. He has taken steps to prevent a recurrence, including participation in programs to maintain his sobriety, seeking psychological counseling, and improving his law office procedures.

Under the circumstances presented, we find respondent guilty of the serious professional misconduct charged and specified in the petition. We further conclude that respondent's misconduct warrants his suspension from the practice of law for a period of three years, effective immediately, but we stay the suspension upon his compliance with the following conditions: (1) enrollment in the New York State Bar Association's Lawyer Assistance Program by executing a Lawyer Assistance Program Sobriety Monitoring Contract within 30 days of the date of this decision and, thereafter, compliance with the provisions of the contract; (2) filing semiannual reports with petitioner from his medical provider confirming that he is in compliance with his medical regimen, the first report due within 30 days of the date of this decision; (3) that he not be the subject of any further disciplinary actions or proceedings; and (4) during each year of the suspension period, completion of two credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and two credit hours of accredited CLE in matrimonial practice in addition to the accredited CLE required of all attorneys (*see* 22 NYCRR part 1500). Respondent shall annually report and substantiate his compliance with the CLE requirements to petitioner. Any failure to meet these conditions shall be reported by petitioner to the Court. After the expiration of the three-year suspension period, respondent may apply to this Court for termination of the suspension. In the absence of such termination, the stayed suspension upon the stated conditions shall continue until further order of this Court. Any such application must be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination during the suspension period and be served upon petitioner, which may be heard thereon (*see e.g. Matter of Hall*, 306 AD2d 619 [2003]; *Matter of Jensen*, 275 AD2d 579 [2000], *stay vacated* 7 AD3d 878 [2004]).

Peters, J.P., Spain, Kane, McCarthy and Garry, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.