■ In the Matter of RICHARD P. WEINHEIMER II, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [931 NYS2d 755]—

Per Curiam.

Petitioner charges respondent with having converted funds on behalf of a client. The matter was referred to a Referee for a hearing and report (*see* 22 NYCRR 806.5). We confirm the Referee's report insofar as it did not sustain the charge of conversion in violation of former Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (c) (4) (22 NYCRR 1200.3 [a] [4]; 1200.46 [c] [4]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (c) and 1.15 (c),* because we agree with the Referee that respondent's misconduct was not motivated by larcenous intent (*see e.g. Matter of Newbould*, 277 AD2d 697 [2000]). We disaffirm the report insofar as it did not sustain the charge that respondent converted client funds in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h). A charge of conversion is sustainable when the balance of an escrow account falls below the amount an attorney is required to maintain in the account on behalf of his or her client, as specified in the instant petition (*see e.g. Matter of Swyer*, 143 AD2d 462 [1988]), even when the conversion is due to inadvertence or mismanagement of the funds rather than venal intent (*see Matter of Joseph*, 223 AD2d 999 [1996]). We grant and deny the motions to confirm and disaffirm the Referee's report in accordance with the above.

Given the mitigating circumstances presented, we conclude that the appropriate disciplinary sanction is a suspension from the practice of law for a period of one year, effective immediately and until further order of this Court, which suspension is stayed upon condition that respondent submit to petitioner quarterly reports by a certified public accountant confirming that he is maintaining his escrow accounts and preserving client funds in accordance with applicable provisions of the attorney disciplinary rules (*see* Rules of Professional Conduct [22 NYCRR 1200.0]). The first quarterly report shall be submitted within three months of the date of this decision. Any substantial failure to meet this condition shall be reported by petitioner to this Court. After expiration of the one-year suspension period, respondent may apply to this Court for termination thereof. Such application shall be supported by documentation that respondent took and passed the Multistate Professional Responsibility Examination within the suspension period. Any application to terminate the suspension shall be served upon petitioner, which may be heard thereon (*see e.g. Matter of Newbould*, 277 AD2d at

---

* The alleged professional misconduct occurred prior to and after April 1, 2009, the effective date of the Rules of Professional Conduct.

699; *Matter of Joseph*, 223 AD2d at 1000; *Matter of Miller*, 210 AD2d 869, 870 [1994]).

Mercure, J.P., Lahtinen, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that respondent is found guilty of the professional misconduct as charged and specified in the petition, except insofar as the charge alleges a violation of former Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (c) (22 NYCRR 1200.3 [a] [4]; 1200.46 [c]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (c) and 1.15 (c); and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and condition set forth in this Court's decision.