■ In the Matter of Daniel J. Gallagher, Respondent. Committee on Professional Standards, Petitioner. [975 NYS2d 930]—

Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintains an office for the practice of law in the City of Glens Falls, Warren County. Respondent is currently on stayed suspension (*Matter of Gallagher*, 67 AD3d 1119 [2009]).

Petitioner and respondent move and cross-move to confirm and disaffirm in part a report by a Referee who held a hearing on a petition of charges. The motion and cross motion to confirm and disaffirm the Referee's report are granted each in part and denied each in part in accordance with the following findings.

We find respondent guilty of having failed to keep a client reasonably informed as to the status of his divorce matter and a client reasonably informed as to the status of her medical malpractice matter in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (3); of having engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in a second divorce matter in violation of former Code of Professional Responsibility DR 1-102 (a) (4) (former 22 NYCRR 1200.3 [a] [4]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c); of having failed to pay an arbitration award to a client promptly and as requested in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (4); of having failed to promptly comply with the medical malpractice client's reasonable request for information in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.4 (a) (4); of having neglected the first divorce client's matter and the medical malpractice matter (except insofar as the charge refers to retaining an expert witness in the medical malpractice matter) in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.3 (b); and of having engaged in conduct prejudicial to the administration of justice in the medical malpractice matter in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d).

Respondent's disciplinary record includes a letter of caution

in 2006, a letter of admonition in 2007, this Court's three-year stayed suspension in 2009 (*Matter of Gallagher, supra*) and an admonishment in 2011. We note that a condition of our stay of respondent's suspension in 2009 was that he not be the subject of any further disciplinary actions or proceedings, a condition he has violated. Under all the circumstances presented, and noting that the purpose of a disciplinary sanction is to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be suspended from the practice of law for a period of one year (*see e.g. Matter of Joseph*, 237 AD2d 727 [1997]).

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in this decision; and it is further ordered that the motion and cross motion to confirm and disaffirm the Referee's report is each granted in part and denied in part in accordance with the findings of guilt as set forth in this decision; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).