Per Curiam.
Respondent was admitted to practice by this Court in 2001. He was previously admitted to practice in Massachusetts in 1994.
By order entered April 28, 2015, the Massachusetts Supreme Judicial Court for Suffolk County suspended respondent from the practice of law for four months, effective May 28, 2015, based upon stipulated findings that he violated several provisions of the Massachusetts Rules of Professional Conduct. Thereafter, upon motion by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), this Court, by order entered November 23, 2016, suspended respondent for four months, but stayed the suspension upon the conditions that: “(1) on or before March 23, 2017, respondent shall complete three credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and three credit hours of CLE in law practice management, all in addition to the CLE required of all attorneys in this state (see Rules of App Div [22 NYCRR] part 1500), and documentation *1422 establishing respondent’s satisfaction of this condition shall be provided to AGC upon completion of the CLE; and (2) respondent shall not be the subject of professional discipline in this state during the period of stayed suspension.”
Respondent now moves for termination of the stayed suspension and provides an affidavit attesting that he has fully complied with the conditions of the stay by, among other things, being reinstated to active status in Massachusetts, timely completing all additional CLE requirements and not being the subject of any new allegations of professional misconduct. AGC opposes respondent’s motion and cross-moves to vacate the stay of the suspension, alleging that respondent’s motion is premature and, further, that he has not fully complied with this Court’s order.
We now grant respondent’s motion and deny AGC’s cross motion. In doing so, we initially find no basis to treat respondent’s motion as premature (see e.g. Matter of Galvin, 142 AD3d 1277 [2016]). Further, we decline to vacate the stay and suspend respondent’s license on the basis of a private disciplinary matter that concerned conduct by respondent occurring prior to this Court’s stayed suspension order. There is nothing in the record indicating that respondent engaged in professional misconduct following entry of the stayed suspension; it is further undisputed that the prior matter referenced by AGC did not result in a petition of charges (see generally Matter of Joseph, 237 AD2d 727, 728 [1997]). Instead, inasmuch as respondent has provided satisfactory proof that he fulfilled all required conditions in this Court’s order, including being reinstated to active status in Massachusetts and completing all required additional CLE courses, we deem it appropriate to terminate respondent’s stayed suspension and deny AGC’s cross motion in opposition.
Garry, J.R, Lynch, Rose, Mulvey and Aarons, JJ., concur.
Ordered that respondent’s motion is granted, and the stayed suspension imposed by this Court’s order entered November 23, 2016 is terminated, effective immediately; and it is further ordered that the cross motion by the Attorney Grievance Committee for the Third Judicial Department is denied.