Matter of Gallagher (2020 NY Slip Op 05014)





Matter of Gallagher


2020 NY Slip Op 05014


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

PM-116-20

[*1]In the Matter of Daniel John Gallagher, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Daniel John Gallagher, Respondent. (Attorney Registration No.2591386.)

Calendar Date: July 20, 2020

Before: Garry, P.J., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.



Per Curiam.
Respondent was admitted to practice by this Court in 1994, and most recently listed a business address in the City of Glens Falls, Warren County with the Office of Court Administration. However, he was suspended from the practice of law by December 2013 order of this Court upon sustained allegations of client neglect, conduct involving dishonesty, fraud, deceit or misrepresentation, failing to pay an arbitration award to a client and other conduct prejudicial to the administration of justice (112 AD3d 1057 [2013]; see 67 AD3d 1119 [2009]). Respondent remains suspended from the practice of law to date.
By petition of charges dated October 10, 2019 and duly served upon respondent in compliance with the rules of this Court, petitioner set forth seven charges of professional misconduct alleging that respondent violated numerous provisions of the Rules of Professional Conduct (22 NYCRR 1200.0) by, among other things, failing to file a judgment of divorce and associated documents on behalf of a matrimonial client, submitting false information with respect to his insurance agent license application and renewal forms, and failing to cooperate in petitioner's investigation of his misconduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b], [c]; 1.4 [a] [1] [iii]; [3]; 8.4 [b]-[d]; Procedure for Attorneys in Domestic Relations Matters [22 NYCRR] § 1400.3).[FN1] Significantly, despite being served with the subject petition, respondent failed to file an answer with this Court.
Petitioner now moves for a default judgment. Respondent has not replied or responded to the instant motion, despite the fact that it too was served upon him in compliance with this Court's rules. Respondent's failure to properly answer the petition or appear in response to this motion "is tantamount to an admission of the charges" (Matter of Courtney, 123 AD3d 1418, 1418 [2014]). Accordingly, given such admission and the proof submitted by petitioner in support of its unopposed default judgment motion, we grant petitioner's motion and find respondent guilty of the professional misconduct charged and specified in the October 2019 petition (see e.g. Matter of Brownell, 163 AD3d 1346, 1347 [2018]; Matter of Beatty, 131 AD3d 763 [2015]).
As for the appropriate sanction for respondent's professional misconduct, we note that, due to respondent's failure to appear in this proceeding, there are no mitigating factors for our consideration (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). In contrast, we have considered the numerous aggravating factors presented by petitioner, including, among other things, respondent's past discipline imposed by this Court and current extant suspension from the practice of law. Petitioner also references respondent's extensive private disciplinary history, which includes five letters of admonition and a letter of caution (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [c] [1] [iii]). Inasmuch as a majority of this past misconduct involves similarly egregious instances of client neglect and deceitful misrepresentations, we agree with petitioner that an unacceptable pattern of professional misconduct has been demonstrated (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [c], [d]). Accordingly, upon our review of all the circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we find that respondent must be disbarred (see e.g. Matter of Ndi, ___ AD3d ___, 2020 NY Slip Op 04433 [2020]).
Garry, P.J., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that petitioner's motion is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: As charged by petitioner, respondent is also subject to discipline for his longstanding delinquency with respect to his attorney registration obligations (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1), as he last registered for the 2012-2013 biennial cycle.