Matter of Toomey (2023 NY Slip Op 04626)

Matter of Toomey

2023 NY Slip Op 04626

Decided on September 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 14, 2023

PM-210-23
[*1]In the Matter of Michael J. Toomey, an Attorney, Attorney Grievance Committee for the Third Judicial Department, Petitioner; Michael J. Toomey, Respondent. (Attorney Registration No. 2040731.)

Calendar Date:June 26, 2023

Before:Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1986 and maintains a law office in the City of Glens Falls, Warren County. Respondent was previously law partners with Daniel Gallagher, whom this Court suspended in 2013 (Matter of Gallagher, 112 AD3d 1057 [3d Dept 2013]) and later disbarred in 2020 (Matter of Gallagher, 186 AD3d 1823 [3d Dept 2020]). Alleging that, following Gallagher's suspension, respondent continued to maintain certain attorney escrow accounts previously held in common with Gallagher and thereafter used such accounts for improper purposes and misappropriated funds belonging to a client of Gallagher's, petitioner now seeks to impose discipline upon respondent due to his violation of seven distinct Rules of Professional Conduct. The petition was returnable July 11, 2022, and respondent filed an answer with the Court on July 1, 2022. The parties have filed their respective statements of disputed and undisputed facts and, by motion marked returnable on June 26, 2023, the parties now jointly move for the imposition of discipline upon respondent by consent, proposing that we censure respondent (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]).
The parties have submitted a joint motion that includes a stipulation of facts, relevant aggravating and mitigating factors and the agreed-upon discipline of censure (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5]). In submitting this motion, respondent conditionally admits to specific rule violations as to attorney escrow accounts held by respondent and Gallagher. On this point, respondent conditionally admits to misappropriating client funds (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [a]), and to failing to provide a former client with an account of funds (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15 [c] [3]). In a similar vein, the stipulation of facts establishes his failure to maintain records of deposits to and withdrawals from an attorney escrow account (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15 [d] [1] [i]), and to keep accurate and contemporaneous entries of that account (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15 [d] [2]). The conditional admissions further reveal that respondent used his attorney escrow account in a manner not incidental to the practice of law in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (b) (1) and allowed Gallagher to remain a signatory on an attorney escrow account, despite Gallagher's suspension (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.15 [e]). Finally, respondent also completed the required affidavit wherein he conditionally admits to the facts in the stipulation of facts, freely consents to the agreed-upon discipline of censure and acknowledges that he is fully aware of the consequences in entering into such a stipulation (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [a] [5] [iii]). Accordingly, the parties have [*2]satisfied the procedural requirements and we may proceed to determining the appropriate sanction based on the underlying misconduct (see Matter of Reul, 211 AD3d 1309, 1311 [3d Dept 2022]; Matter of Shmulsky, 186 AD3d 1878, 1879 [3d Dept 2020]).
While respondent notes, as a mitigating factor, that he had no venal motive in the handling of the attorney escrow account (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]), we nonetheless reiterate that attorneys have a duty to safeguard client funds and, regardless of motive, the knowing misappropriation of client funds is significant misconduct that warrants the imposition of discipline (see Matter of Galasso, 19 NY3d 688, 694 [2012]; Matter of Anderson, 206 AD3d 1431, 1433 [3d Dept 2022]; Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; Matter of Malyszek, 171 AD3d 1445, 1445-1446 [3d Dept 2019]). In additional support of mitigation, respondent cites his cooperation with petitioner, his significant pro bono work, his various volunteer roles in the community and restitution of funds (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d], [e], [g]). Petitioner also notes certain facts in aggravation, including respondent's private disciplinary history, which indicates a pattern of similar misconduct, and respondent's substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c], [i]). Given all of the facts and circumstances, we conclude that the appropriate sanction is the agreed-upon penalty of censure.
Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ., concur. Egan Jr., J.P., dissents.
ORDERED that the joint motion by the parties is granted; and it is further
ORDERED that respondent is censured.