[821 NYS2d 500]

In the Matter of DAVID P. ANTONUCCI, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, September 29, 2006

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Acting Chief Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office for the practice of law in Watertown. The Grievance Committee filed a petition charging respondent with misconduct arising from his representation of a creditor in the United States Bankruptcy Court for the Northern District of New York (Bankruptcy Court). Respondent filed an answer admitting the factual allegations of the petition and disputing the conclusions that his conduct violated the Disciplinary Rules. Respondent appeared before this Court and submitted matters in mitigation.

Respondent commenced three proceedings in Bankruptcy Court on behalf of a creditor seeking to deny bankruptcy protection for debts owed to the creditor. Respondent was sanctioned in one of the proceedings on the ground that the proceeding was frivolous and, in another proceeding, the Bankruptcy Court found that, although the proceeding was meritless, sanctions were not warranted. Finally, in the third proceeding, the Bankruptcy Court found that the conduct of respondent in reaching a settlement and obtaining a judgment against the debtor without notice to the bankruptcy trustee caused the debtor to incur additional expense. The Bankruptcy Court further found, however, that respondent did not act with the intent to deceive the Court.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 7-102 (a) (1) (22 NYCRR 1200.33 [a] [1])—filing a suit or asserting a position on behalf of a client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another; and

DR 7-102 (a) (2) (22 NYCRR 1200.33 [a] [2])—knowingly advancing a claim that is unwarranted under existing law that cannot be supported by good faith argument for an extension, modification or reversal of existing law.

We have considered the matters submitted by respondent in mitigation, including that he was sanctioned in only one of the three proceedings and that the Bankruptcy Court termed his conduct uncharacteristic. We have also considered respondent's expression of remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SCUDDER, J.P., GORSKI, GREEN and PINE, JJ., concur.

Order of censure entered.