[939 NYS2d 204]

In the Matter of Karolyne N. Armer, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, December 30, 2011

APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Lawrence J. Andolina,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 7, 1975, and she formerly maintained an office in Penfield. The Grievance Committee filed a petition charging respondent with acts of misconduct including neglecting client matters, failing to cooperate with the investigation of the Grievance Committee and engaging in illegal conduct by failing to pay personal income taxes and to file personal income tax returns for a seven-year period. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. At the hearing, respondent admitted all of the allegations in the petition and testified concerning matters in mitigation. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent thereafter appeared before this Court and submitted matters in mitigation.

With respect to charge one, the Referee found that, on May 25, 2010, respondent was convicted upon her plea of guilty in Monroe County Court of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that she failed to pay New York State personal income tax in a timely manner for the year 2007. The court sentenced respondent to an unconditional discharge.

With respect to charge two, the Referee found that, in addition to respondent's failure to pay New York State personal income tax for the year 2007, she failed to pay New York State personal income taxes for the years 2001 through 2006 and failed to file the related State income tax returns for the years 2001 through 2007. The Referee additionally found that respondent failed to file federal personal income tax returns and to pay the related taxes for the years 2001 through 2007.

With respect to charge three, the Referee found that, from October 2009 through June 2010, respondent failed to respond to inquiries from a client regarding a domestic relations matter

and that, from June through September 2010, she failed to provide a refund in a timely manner as requested by the client.

With respect to charge four, the Referee found that, in September 2006, respondent agreed to represent the seller of certain real property and to hold in escrow funds in the amount of $1,200 pending the resolution of a dispute between her client and the buyer regarding certain repairs to the property. The Referee further found that, although the dispute was resolved in December 2009 and the parties thereafter placed numerous telephone calls to respondent's office, respondent failed to release the funds from escrow until September 2010, after the parties had filed a complaint with the Grievance Committee.

With respect to charge five, the Referee found that, from September 2009 through January 2010, respondent failed to respond to a client's request to resolve a fee dispute through arbitration, failed to appear at the arbitration hearing and failed to contact her client or the arbitrator regarding the matter.

With respect to charge six, the Referee found that, in 2008, respondent agreed to represent a client in a domestic relations matter and accepted a retainer fee in the amount of $1,400. The Referee further found that, after January 2010, respondent failed to communicate with her client regarding the matter and failed to provide her client with itemized billing statements at regular intervals as required by 22 NYCRR part 1400.

With respect to charge seven, the Referee found that respondent failed to provide a timely written response to the inquiries of the Grievance Committee regarding the client complaints that gave rise to charges three through five of the petition.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on her fitness as a lawyer;

rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)—neglecting a legal matter entrusted to her;

rule 1.15 (c) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to pay or deliver to a client or third

person in a prompt manner as requested by the client or third person the funds, securities or other properties in her possession that the client or third person is entitled to receive; and

rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice.

Finally, we conclude that respondent has violated 22 NYCRR part 1400 by failing to provide a client in a domestic relations matter with itemized billing statements at regular intervals.

We have considered, in determining an appropriate sanction, respondent's disciplinary history, which includes two letters of admonition and three letters of caution. We have also considered, however, that respondent has filed all New York State personal income tax returns and paid the related taxes due. In addition, we have considered that respondent did not commit the misconduct with venal intent and that, during the relevant time period, she suffered from serious medical conditions, which gave rise to mental health issues that negatively impacted her ability to meet her professional obligations. We have further considered respondent's submission that she has not accepted any new client matters since 2008, in recognition of her health limitations.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court. We direct, however, that the period of suspension be stayed on condition that respondent, during that period, shall comply with the statutes and rules regulating attorney conduct and that she shall not be the subject of any further action, proceeding or application for discipline or sanctions in any court. Furthermore, in accordance with the terms of the order entered herewith, respondent is to submit to the Grievance Committee quarterly reports from her medical provider confirming that she is completing any recommended mental health treatment program and continues to have the capacity to practice law (*see Matter of Herzog*, 27 AD3d 947 [2006]). Any failure to meet those conditions shall be reported by the Grievance Committee to this Court, whereupon the Grievance Committee may move before this Court to vacate the stay of respondent's suspension.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.

Order of suspension entered.