[977 NYS2d 511]

In the Matter of Brian J. Kellogg, an Attorney, Respondent.
Grievance Committee of the Fifth Judicial District,
Petitioner.

Fourth Department, December 27, 2013

## APPEARANCES OF COUNSEL

*Mary E. Gasparini, Associate Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Stewart L. Weisman,* Manlius, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on October 17, 2005, and maintains an office in Syracuse. The Grievance Committee filed a petition alleging four charges of misconduct against respondent, including neglecting client matters and engaging in conduct involving dishonesty or deceit. Respondent filed an answer denying certain allegations, and this Court appointed a referee to conduct a hearing. During the proceeding before the Referee, the parties stipulated to certain factual issues, eliminating the need for a hearing. The Referee has filed a report sustaining the charges based upon the stipulation of the parties and various evidentiary documents. The Grievance Committee moves to confirm the factual findings of the Referee and, in response to the motion, respondent appeared before this Court and submitted matters in mitigation.

With respect to charge one, respondent admits that, in 2009, he agreed to represent an individual in an action to recover damages for personal injuries that the individual sustained as the result of a physical assault, despite the fact that respondent had limited experience in personal injury matters. Respondent further admits that, although he filed an amended complaint in September 2011, he did not serve opposing counsel with that pleading until June 2012. Respondent additionally admits that, from October 2011 through April 2012, he failed to respond to several inquiries from his client regarding the matter and that, from August 2012 through March 2013, he failed to respond to discovery demands directed to his client.

With respect to charge two, respondent admits that, in 2010, he agreed to negotiate a separation agreement on behalf of a client in a domestic relations matter and, in February 2012, he agreed to represent that client in an action for divorce. Although respondent filed a summons and complaint on behalf of his cli-

ent in August 2012, he admits that he thereafter failed to take action to complete the matter and that he made misrepresentations to the parties regarding the status of the matter.

With respect to charge three, respondent admits that, in March 2012, he agreed to represent a client in town court in a traffic matter in which the most serious charge was aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2]), an unclassified misdemeanor. Respondent admits that, from April through December 2012, he failed to maintain contact with his client and town court, resulting in the suspension of the client's driver's license for his failure to appear as directed by the court. Respondent further admits that, in December 2012, he incorrectly advised the client that the prosecution had tendered a plea offer that required the client to enter a plea of guilty to reduced charges of "non-moving violations and parking tickets," when in fact the offer from the prosecutor required the client to enter a plea of guilty to a misdemeanor. Respondent's client accepted the plea offer based upon respondent's statement, and the client unknowingly entered a plea of guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]), an unclassified misdemeanor.

With respect to charge four, respondent admits that, during the Grievance Committee's investigation, he made misrepresentations to the Grievance Committee regarding his knowledge and experience in the practice of law.

We confirm the factual findings of the Referee and conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.1 (a) (22 NYCRR 1200.0)—failing to provide competent representation to a client;

rule 1.1 (b) (22 NYCRR 1200.0)—handling a legal matter that he knows or should know that he is not competent to handle;

rule 1.1 (c) (2) (22 NYCRR 1200.0)—intentionally prejudicing or damaging a client during the course of the professional relationship;

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3) (22 NYCRR 1200.0)—failing to keep a client reasonably informed about the status of a matter;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, deceit or misrepresentation;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We decline to sustain the alleged violation of rule 1.5 (c) (22 NYCRR 1200.0). Although the Referee found facts that tend to support the Grievance Committee's contention that respondent violated that disciplinary rule, and those factual findings are supported by the evidence received during the proceeding before the Referee, the petition filed by the Grievance Committee lacks the requisite factual allegation that respondent's legal fee in the personal injury matter was contingent on the outcome thereof.

We have considered, in determining an appropriate sanction, that respondent has received a letter of caution and a letter of admonition for conduct that is similar to certain of the misconduct herein. We have additionally considered the matters submitted by respondent in mitigation, including his statement that the misconduct occurred at a time when he was suffering from mental health issues for which he has since sought treatment. We have further considered that respondent has engaged a mentor attorney to review his law office procedures and to make recommendations to prevent similar misconduct in the future. Finally, we have considered respondent's expression of remorse for the misconduct.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court. We direct, however, that the period of suspension be stayed on condition that respondent, during that period, shall comply with the statutes and rules regulating attorney conduct and that he shall not be the subject of any further action, proceeding or application for discipline or sanctions in any court. Furthermore, in accordance with the terms of the order entered herewith, respondent is to submit to the Grievance Committee quarterly reports from his medical provider confirming that he is completing any recommended mental health treatment program and continues to have the capacity to practice law (*see Matter of Armer*, 91 AD3d 200, 203 [2011]). In addition, we direct that respondent, during the period of suspension, submit to the Grievance Committee quarterly reports from his mentor attorney confirming that respondent is continuing his

relationship with the mentor attorney and implementing all recommendations that have been made by the mentor attorney to improve the administration of respondent's law practice and to prevent future misconduct. Any failure to meet the aforementioned conditions shall be reported by the Grievance Committee to this Court, whereupon the Grievance Committee may move before this Court to vacate the stay of respondent's suspension.

CENTRA, J.P., PERADOTTO, LINDLEY and WHALEN, JJ., concur.

Order entered suspending respondent for a period of one year, with the suspension stayed upon the terms and conditions set forth in the order.