OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office in Watertown. The Grievance Committee filed a petition alleging eight charges of misconduct against respondent, including neglecting client matters and making misrepresentations to clients regarding the status of their matters. Respondent filed an answer admitting the charges and setting forth matters in mitigation. Respondent thereafter appeared before this Court and was heard in mitigation.
Respondent admits that, from 2010 through 2012, he neglected several client matters, failed to respond to inquiries from several clients concerning their matters and made misrepresentations to certain clients regarding the status of their matters. Respondent additionally admits that he failed to provide a client in a domestic relations matter with a written retainer agreement and itemized billing statements at regular intervals and, in a separate matter, he failed to refund unearned legal fees to a client in a prompt manner. Respondent further admits that, in early 2012, he failed to notify a client that he had received settlement proceeds belonging to the client in the amount of $10,000. Respondent admits that he deposited only half of the settlement proceeds into his trust account and, for several months thereafter, he failed to respond to numerous inquiries from the client regarding the funds. Respondent admits that, in July 2012, he remitted to the client funds in the amount of $5,000 and, at that time, the client was advised that the settlement proceeds were not available sooner because of a cash *112 flow problem at respondent’s law office. Respondent admits that, in October 2012, he issued to the client a billing statement indicating that, in February 2012, respondent had remitted to himself funds in the amount of $5,000 in payment of outstanding legal fees in relation to the matter. Finally, respondent admits that he failed to respond promptly and completely to requests for information from the Grievance Committee during its investigation.
We conclude that respondent has violated the following Rules of Professional Conduct:
rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (2) (22 NYCRR 1200.0)—failing to consult with a client in a reasonable manner about the means by which the client’s objectives are to be accomplished;
rule 1.4 (a) (3) (22 NYCRR 1200.0)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4) (22 NYCRR 1200.0)—failing to comply in a prompt manner with a client’s reasonable requests for information;
rule 1.5 (b) (22 NYCRR 1200.0)—failing to communicate to a client within a reasonable time the scope of the representation and the basis or rate of the fee for which the client will be responsible;
rule 1.5 (d) (5) (ii) (22 NYCRR 1200.0)—entering into an arrangement for, charging or collecting a fee in a domestic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;
rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating client funds and commingling client funds with personal funds;
rule 1.15 (c) (1) (22 NYCRR 1200.0)—failing to notify a client in a prompt manner of the receipt of funds, securities, or other properties in which the client has an interest;
rule 1.15 (c) (4) (22 NYCRR 1200.0)—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive;
rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, deceit or misrepresentation;
*113 rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, that respondent has received three letters of caution and was previously censured by this Court (Matter of Antonucci, 34 AD3d 133 [2006]). We have additionally considered the matters submitted by respondent in mitigation, including his statement that the misconduct occurred at a time when he was suffering from depression for which he has since sought treatment. We have further considered that respondent has engaged a mentor attorney, who intends to monitor respondent’s law practice and to make recommendations to prevent similar misconduct in the future. Finally, we have considered respondent’s expression of remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court. We direct, however, that the period of suspension be stayed on condition that respondent, during that period, shall comply with the statutes and rules regulating attorney conduct and that he shall not be the subject of any further action, proceeding or application for discipline or sanctions in any court. Furthermore, in accordance with the terms of the order entered herewith, respondent is to submit to the Grievance Committee quarterly reports from his medical provider confirming that he is completing any recommended mental health treatment program and continues to have the capacity to practice law (see Matter of Armer, 91 AD3d 200, 203 [2011]). In addition, we direct that respondent during the period of suspension submit to the Grievance Committee quarterly reports from his mentor attorney confirming that respondent is continuing his relationship with the mentor attorney and implementing all recommendations that have been made by the mentor attorney to improve the administration of respondent’s law practice and to prevent future misconduct. Any failure to meet the aforementioned conditions shall be reported by the Grievance Committee to this Court, whereupon the Grievance Committee may move before this Court to vacate the stay of respondent’s suspension.
Smith, J.E, Fahey, Carni, Sconiers and Valentino, JJ., concur.
*114 Order of suspension entered.