Matter of Antonucci (2022 NY Slip Op 06623)

Matter of Antonucci

2022 NY Slip Op 06623

Decided on November 18, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Nov. 18, 2022.)

&em;

[*1]MATTER OF DAVID P. ANTONUCCI, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 14, 1988, and he maintains an office in Watertown. In January 2022, the Grievance Committee filed a petition alleging against respondent three charges of professional misconduct, including violating an established rule of a tribunal, failing to keep a client informed about the status of a legal matter, and making misrepresentations to a client about the status of a matter. Although respondent filed an answer denying material allegations of the petition, the parties have since filed a joint motion for discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of suspension for a period of three years.
With respect to charge one, respondent conditionally admits that, in 2019, he represented a client in a matter pending before the Division of Human Rights (DHR) and that, although DHR advised him at the outset of the matter that the law and rules applicable to such proceedings required that certain private information pertaining to any person be redacted from documents submitted to DHR, respondent subsequently filed a document that disclosed the opposing party's social security number, bank account number, date of birth, driver's license number, and U.S. passport number. Respondent also admits that the private personal information he failed to redact from the document submitted to DHR was not relevant to the matters at issue in the proceeding.
With respect to charge two, respondent conditionally admits that, in March 2018, he agreed to represent several individuals in litigation arising from a dispute regarding ownership of a parcel of land located in the Town of Sandy Creek. Respondent admits that, shortly after he commenced a civil action on behalf of the clients, certain defendants moved to dismiss the causes of action against them, and the trial court provisionally granted the motion, unless respondent filed an amended complaint adding as necessary parties all property owners abutting the disputed parcel. Respondent admits that he subsequently informed his clients, inter alia, that the trial court had denied the defendants' motion to dismiss.
Respondent admits that, in June 2018, he filed an amended summons and complaint joining the additional necessary parties, after which certain of the defendants asserted counterclaims against respondent's clients and moved to dismiss the causes of action against them. Respondent admits that he failed to inform his clients of the counterclaims and motion to dismiss. Respondent also admits that he thereafter failed to respond to his clients' requests for an accounting of the retainer funds they had paid to respondent at the outset of the representation.
Respondent admits that, in December 2018, the trial court granted the defendants' motion to dismiss and enjoined respondent's clients from using or altering the disputed parcel of land. Respondent admits that he failed to inform his clients of that ruling, failed to respond to inquiries from the clients about the matter, and delayed meeting with the clients until April 2019, at which time he falsely told them that disposition of the matters at issue in the real property litigation had been delayed because the judge handling the case had retired and a different judge had been assigned to preside over the matter.
In June 2019, respondent's clients learned through means other than respondent of the trial court's ruling issued in December 2018. Respondent admits that he falsely advised his clients that there was some uncertainty about the effect of the trial court's ruling and that various substantive issues would be addressed at an upcoming hearing. Respondent admits that, although he attempted to dissuade his clients from attending the hearing, certain of his clients nonetheless attended the hearing and learned that the defendants' motion to dismiss had been granted, that certain counterclaims remained pending against them, and that the purpose of the hearing was to determine, inter alia, whether sanctions were warranted against respondent for [*2]filing a frivolous action.
Charge three relates to a prior attorney disciplinary proceeding wherein this Court found that respondent had engaged in certain acts of professional misconduct and imposed the sanction of suspension from the practice of law for a period of one year. In imposing that sanction, however, the Court additionally stayed the imposition of the suspension on the condition that respondent provide to the Grievance Committee regular reports confirming that he was participating in mental health treatment and an attorney mentoring program (see Matter of Antonucci, 118 AD3d 110, 113 [4th Dept 2014]). In relation to the joint motion for discipline on consent, respondent conditionally admits that he failed to provide the Grievance Committee with the reports required under this Court's prior order and that he failed to participate in mental health treatment for a period of time.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.4 (a) (1) (iii)—failing to inform a client in a prompt manner of a material development in a matter including settlement or plea offers;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information;
rule 3.3 (f) (3)—intentionally or habitually violating an established rule of procedure or evidence while appearing as a lawyer before a tribunal;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In imposing the sanction requested by the parties, we have considered the serious nature of the misconduct at issue in this proceeding and respondent's disciplinary history, which includes the one-year stayed suspension imposed in 2014 and a public censure imposed in 2006 (see Matter of Antonucci, 34 AD3d 133, 135 [4th Dept 2006]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three years. We also vacate the stay of the one-year suspension and direct that the one-year suspension run concurrently with the three-year suspension imposed herein.